PER CURIAM.
The issue on this appeal is whether the trial court erred in dismissing with preju *243 dice appellant’s third party complaint for damages incurred when appellee failed to discover the recording of an instrument known by appellant to exist. The facts are somewhat unique and apparently have not been addressed by a Florida appellate court. Appellant gave a contract for deed to a grantee for property he owned and the grantee recorded the contract. Subsequently the grantee defaulted in his payments and appellant found another buyer for the property. He gave this buyer a warranty deed and in connection with the sale employed appellee to abstract the record title to the property. Appellee did so but failed to discover the recording of the previous contract for sale. The transaction then proceeded to closing, at which time appellant informed the buyer of the previous contract but produced the unclouded abstract given by appellee. Later another abstracter hired by the buyer’s financing institution discovered the recorded contract for sale. The buyer sued appellant for rescission of the transaction, cancellation of the warranty deed, a refund of the monies paid plus attorney’s fees and costs. Appellant, forced into a settlement on this suit, then brought a third party complaint against appellee. After two amendments of this complaint the trial court dismissed it with prejudice.
Appellant bases his appeal from that dismissal on a citation of the general rule that an abstracter is liable in damages to its employer. 1 Fla.Jur., Abstracts of Title, § 2. Appellee contends that an abstracter is not liable for an omission of a document in an abstract where the person claiming damages has actual knowledge of the omitted document. It cites a New York case, Maggio v. Abstract Title & Mortgage Corp., 277 App.Div. 940, 98 N.Y.S.2d 1011 (1950), as authority for the proposition that knowledge of the omitted document in such a case precludes recovery because there can be no actual reliance on the abstract by a person who knows of the missing document.
We decline to adopt appellee’s argument and reverse. As pointed out by appellant’s counsel at oral argument, there is a fundamental distinction to be drawn between knowing about a previous transaction regarding property and knowing whether this transaction has been recorded (thereby creating a cloud on the title of the property). It is obvious that the very reason appellant employed appellee here was to tell him whether the contract for sale to his original grantee had been recorded. When appel-lee’s search revealed a clear title, appellant and his buyer did in fact rely on this representation in pursuing their transaction. The damages which resulted when the second abstracter discovered the recording of the contract and the buyer cancelled the sale were the product of appellant’s reliance on appellee to give him accurate information about the status of his property.
Appellant’s complaint against appellee did state a viable cause of action. The judgment is reversed and the cause remanded for trial.
MILLS, Acting C. J., and ERVIN and BOOTH, JJ., concur.